Joseph P. CONNORS, Sr., Donald E. Pierce, Jr., William Miller, William B. Jordan, and Paul R. Dean, as Trustees of the United Mine Workers of America 1950 Pension Plan and the United Mine Workers of America 1974 Pension Plan, Plaintiffs,

v.

MARONTHA COAL COMPANY, INC., Defendant.

Civ. A. No. 85–3429.

United States District Court, District of Columbia.

Aug. 31, 1987.

**46**

David T. Dekker, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., for plaintiffs.

Alice Kershaw, Lane and Edson, P.C., Washington, D.C., for defendants Marontha & Fields and Moore.

## MEMORANDUM ORDER

JOHN H. PRATT, District Judge.

The court has before it plaintiffs' motion to amend the complaint to add additional counts under both federal and state law which seek recovery from Kenneth Moore and Joby Fields. Moore and Fields have appeared and opposed the proposed amendments on the grounds that this court lacks personal and subject matter jurisdiction over the state law counts, that the state law counts are preempted by ERISA, and that the proposed amendment fails to state a claim under ERISA. In evaluating whether amendment would be futile, we treat Moore's and Fields' opposition as a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), (2), (6).[1]

This action was originally brought in three counts by plaintiffs, trustees of the United Mine Workers of America 1950 Pen-

sion Plan and the United Mine Workers of America 1974 Pension Plan (Plans), to assess and collect withdrawal liability allegedly due and owing the Plans because of the alleged withdrawal of Marontha Coal Co. from participation. In addition to bringing suit against Marontha, suit was also originally brought against Kenneth Moore and Joby Fields on the theory that these individuals were "employers" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5). Following the decision of the Court of Appeals in *Connors v. P & M Coal Co.*, 801 F.2d 1373 (D.C.Cir.1986), we granted defendants' motion to dismiss the claims against Moore and Fields. Order of October 24, 1986. Plaintiffs now seek to assert claims against Moore and Fields based on alleged transactions to evade and avoid withdrawal liability, fraudulent asset transfers, unpaid stock subscriptions, illegal dividend payments, and conduct disregarding the separateness of the corporate entity.

### I. *Count IV*

With respect to plaintiffs claim against Moore and Fields for recovery based on alleged transactions to evade or avoid withdrawal liability, ERISA § 4212(c), 29 U.S.C. § 1392(c), this court clearly has both subject matter and personal jurisdiction. Subject matter jurisdiction is proper since the claim arises under a federal statute. Personal jurisdiction is proper since ERISA § 4301(d), 29 U.S.C. § 1451(d), allows nationwide service of process. The only remaining question is whether ERISA § 4212(c) allows an action to be brought against parties not the employer, if those parties were the transferee of property transferred in a transaction designed to evade or avoid withdrawal liability.

■ Moore and Fields argue that since only an "employer" is liable for withdrawal liability, and since the definition of "employer" does not include individual own-

---

1. As such, we take the facts as pleaded in the proposed amended complaint as true. Although Moore and Fields have referred to substantial extrinsic factual material in their response to plaintiff's reply pleading, we will not convert this motion to one for summary judgment. Thus, we do not consider whether the facts obtained during discovery support the claims plaintiffs seek to add by amendment.

er/officers of a coproration in the absence of common law veil-piercing, 29 U.S.C. § 1392(c) cannot be read to allow a right of action against persons not otherwise falling with the definition of "employer" in 29 U.S.C. § 1002(5). We disagree. Section 1392 explicitly provides:

> If a principal purpose of any transaction is to evade or avoid liability under this part, this part shall be applied (and liability shall be determined and collected) without regard to such transaction.

Whenever a transaction has removed assets from the formal structure of the corporation being assessed for withdrawal liability, liability can only be "collected" if there is a right of action against the transferee, whether or not it fits the definition of "employer." If, for example, a defendant company divided itself into two corporations for the purpose of evading the collection of withdrawal liability, liability would undoubtedly be collectible from both new corporations.

The question remains as to who can or must be sued to recover withdrawal liability from the transferee of property in a transaction to evade or avoid withdrawal liability. Because ERISA provides no guidance on this point, we look to the common law for analogous actions. Plaintiffs point to the law of fraudulent conveyances, as most recently reflected in the Uniform Fraudulent Transfers Act (UFTA). We agree that this is an appropriate and helpful analog.

Following the general outline of the UFTA, however, plaintiffs' allegations under Count IV are not sufficiently limited. The UFTA allows a creditor to sue the transferee of fraudulently transferred property to have the transfer declared voidable and to recover the transferred property. In Count IV, plaintiffs not only allege that Fields and Moore transferred property to themselves, but also that they caused property to be transferred to companies which they control. The other companies are not named as defendants, and the complaint contains no allegations that Moore and Fields abused the corporate forms of the transferee corporations in such a manner as to justify piercing the corporate veils of those corporations. By analogy to the UFTA, Count IV can properly only seek recovery of assets actually transferred to Moore and Fields personally, with the intent to evade or avoid withdrawal liability.

## II. *Counts III, VI, VII*

Plaintiffs seek to assert all three of these counts under Kentucky state law. These counts seek to set aside allegedly fraudulent conveyances (Count III), to recover unpaid stock subscriptions (Count VI), and to recover dividends allegedly illegally paid (Count VII). While these counts at least arguably fall within the pendent jurisdiction of this court, all are barred by this court's lack of personal jurisdiction as to these claims. As such, plaintiff cannot amend the complaint to add these counts.

It is axiomatic that before a court can hear the merits of a claim, the court must have both jurisdiction over the subject matter of the claim and jurisdiction over the person against whom the claim is asserted. Although federal courts can exercise pendent subject matter jurisdiction to bring a claim ordinarily outside the court's limited jurisdiction within the subject matter jurisdiction of the court, *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), there is no analogous concept of pendent personal jurisdiction. Thus, there must be an independent basis for the personal jurisdiction over the state law claims.

Although extraterritorial service of process is authorized for federal claims under ERISA, because no federal statute explicitly authorizes extraterritorial service of process for the plaintiffs' state law claims, we must look to see whether the D.C. long-arm statute, D.C.Code § 13–423(a)(1), permits personal jurisdiction over these claims. We conclude that it does not. Although Moore and Fields were arguably "transacting any business in the District of Columbia" when they participated in the Plans, the state law claims for relief do not arise from these contacts. D.C.Code § 13–423(a)(1). The state law claims all arise from acts or omissions that occurred

in the State of Kentucky. Plaintiffs' right to sue under state law arises, if at all, solely because of their status as local creditors. We cannot find personal jurisdiction as to these claims based solely on the location of the creditor. Thus, plaintiff will not be granted leave to add counts III, VI and VII.

### III. *Count V*

■ Under Count V of the proposed amended complaint, plaintiffs seek to add Moore and Fields as defendants based on alleged abuse of the corporate form. Apparently as an attempt to comply with the Court of Appeals' decision in the *P & M Coal* case, plaintiffs have pleaded Count V as a cause of action under state law. If it were truly a state law cause of action, we would be forced to conclude, for the reasons stated above, that we lack personal jurisdiction over Moore and Fields as to this claim. Because we conclude, however, that an action to "pierce the corporate veil" to collect withdrawal liability presents a claim under ERISA, we will allow plaintiffs to amend the complaint to assert recovery on a "veil piercing" theory.

The court in *P & M Coal* clearly held that owner-officers of a corporation could not be subject to personal responsibility for withdrawal liability in the absence of conduct sufficient to "pierce the corporate veil" under common law. *P & M Coal*, 801 F.2d at 1376–78. *P & M Coal* left open the question of whether "veil piercing" was to be governed by a general federal common law, or by the law of either the state of incorporation or the state where the conduct occurred.[2] *P & M Coal* also left open the question of whether an officer-share-holder of a corporation would be deemed an "employer" under ERISA for the purposes of assessing and collecting withdrawal liability if that officer-shareholder engaged in conduct justifying "veil-piercing" under the applicable law.

We conclude that the definition of "employer" in 29 U.S.C. § 1002(5)[3] is broad enough to include a corporate officer-shareholder who engaged in conduct justifying "veil-piercing." When conduct justifying "veil-piercing" is present, the corporate form is disregarded. The company then stands as an association of persons, in the form of a joint venture or partnership.[4] The partnership or joint venture is the "employer," and the partners or joint venturers can be sued accordingly as "employers" under ERISA. The law of "veil piercing" determines the legal identity of the ERISA employer.

This does not mean that state law, as distinguished from federal common law, fails to govern the question of when "veil-piercing" is appropriate.[5] Even if, however, the law of the State of Kentucky governs whether "veil-piercing" is appropriate, the action against Moore and Fields is still one arising under federal law. Questions of federal law are essential to the well pleaded complaint. *Cf. Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1985). Thus, this court has subject matter jurisdiction over an action against Moore and Fields. Moreover, since the cause of action is under 29 U.S.C. § 1451, this court also has personal jurisdiction over both individuals on this count.

---

**2.** Since Marontha Coal was a Virginia corporation and since all relevant conduct occurred in Virginia, the distinction between the state of incorporation and the state where the conduct occurred is not of significance here.

**3.** This section defines "employer" as

any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity.

A "person" is further defined as

an individual, partnership, joint venture, corporation, mutual company, joint-stock company, trust, estate, unincorporated organization, association, or employee organization.

29 U.S.C. § 1002(9).

**4.** The parties to the joint venture or partnership are subject to unlimited personal liability for the debts of the venture.

**5.** We do not decide whether state law or federal common law governs.

*Conclusion*

In sum, we will permit plaintiffs to amend their complaint to assert Count IV and Count V, as modified by this opinion. As to Counts III, VI and VII amendment will not be permitted since this court lacks personal jurisdiction over Moore and Fields as to those proposed counts.

ORDERED that plaintiffs' motion for leave to file an amended complaint is granted in part and denied in part, and it is

FURTHER ORDERED that plaintiff shall file an amended complaint consistent with this memorandum order within 15 days of the date of this order.